IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BOY RACER, INC., a
foreign corporation,

                                                                           CASE NO.  1:12-cv-21099-DLG

       Plaintiff,
v.

JOHN DOES 1-34,

       Defendants.
_____/

## MOTION TO DISMISS DUPLICATE SUIT

John Doe (IP Address 66.229.114.127), by and through undersigned counsel, appears in this action for the sole purpose of giving notice to this Court that this action is duplicative of another suit already pending before this Court, and therefore moves the Court to dismiss this suit with prejudice.

      1.      On August 23, 2011, Plaintiff filed an action against 34 "John Doe" Defendants, including one identified as the owner of IP Address 66.229.114.127, claiming that the Does listed violated Plaintiff's copyright related to an adult film entitled "Fuckabilly" (the "Initial Case").  That case, 1:11-cv-23035, is still pending before this Court.

      2.      On March 20, 2012, Plaintiff instituted the instant action, which is identical to the Initial Case in all respects, except that it only includes one "John Doe" – that with IP Address 66.229.114.127.  The Complaint herein even makes reference to the Initial Case, stating "Plaintiff had previously filed an action for copyright infringement under the United States Copyright Act and related claims against multiple John Does, including the John Doe known to Plaintiff and identified in this Complaint only by his Internet Protocol Address: 66.229.114.127."

What the Complaint fails to point out is that the Initial Action is still ongoing, and that this case is a complete replication of the claims already pending in the Initial Action.

3. "It is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Greene v. H & R Block Eastern Enterprises, Inc.*, 727 F.Supp.2d 1363, 1376 (2010) (dismissing duplicative suit with prejudice) (internal quotation marks omitted). "The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources." *Id.* (citing *Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1306–09 (11th Cir.2010) (discussing related doctrine of claim preclusion and its judicial purpose)). "To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit." *Id.* (citing Zephyr Aviation III, LLC, 2008 WL 759095, *1 n. 4).

4. Both of these conditions are met here. The same parties – Boy Racer and John Doe (IP Address 66.229.114.127) – are involved in both this case, and the Initial Case. And not only does the alleged cause of action arise "out of the same transaction or series of transactions as the first suit," it is literally the exact same Complaint, with the same causes of action, subject matter, and facts. As a result, the Complaint in this matter should be dismissed with prejudice as improperly duplicative of the Initial Case.

    Respectfully submitted,

    LALCHANDANI SIMON PL

    By: /s/ Daniel J. Simon
    Danny Simon
    Florida Bar No.:  0016244
    danny@lslawpl.com
    Kubs Lalchandani
    Florida Bar No.:  0063966
    kubs@lslawpl.com

990 Biscayne Blvd., Office 503
Miami, Florida 33132
Tel:    (305) 999-5291
Fax:    (305) 671-9282
*Attorneys for John Doe (66.229.114.127)*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of March 30, 2011.

By: /s/ Daniel J. Simon
    Danny Simon, Esq.