UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:12-cv-21099-GRAHAM/GOODMAN

BOY RACER, INC.,

    Plaintiff,

v.

JOHN DOE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion for Protective Order and/or to Quash Subpoena and Request for Evidentiary Hearing. [D.E. 9].

**THE COURT** has considered the pleadings and pertinent portions of the record and is otherwise fully advised in the premises.

## I. INTRODUCTION

This action is part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent.[1] This Order addresses (1) the Order granting Plaintiff's Motion for Early Discovery, consisting of a Rule 45

---

[1] One media outlet reports that more than 220,000 individuals have been sued since mid-2010 in mass BitTorrent lawsuits, many of them brought in New York and California, many of them based upon alleged downloading of pornographic works. In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 157065 (E.D.N.Y); see http://www.usnews.com/news/articles/2012/02/02/porn-companies-file-mass-piracy-law-suits-are-you-at-risk.

subpoena directed at a non-party Internet Service Provider ("ISP") to obtain identifying information about the subscriber to the named IP address; and (2) Motion to Quash this subpoena by a putative John Doe Defendant. For the reasons that follow, including evidence of abusive litigation tactics by plaintiffs in similar cases, the Court modifies the subpoena and denies Defendant's Motion to Quash.

## II. FACTUAL BACKGROUND

On August 23, 2011, Plaintiff filed a complaint against thirty-four John Does, named only by Internet Protocol ("IP") addresses, alleging copyright infringement of a pornographic film. That complaint initiated Case No. 11-cv-23035-DLG (the "First Case"), <u>Boy Racer Inc. v. Does 1-34</u>. [First Case, D.E.1].

On March 20, 2012, Plaintiff filed a second copyright infringement action against one of the thirty-four John Does named in the First Case. [D.E. 1]. This second Complaint, which initiated Case No. 1:12-cv-21099-DLG, <u>Boy Racer Inc. V. John Doe</u>, (the "Second Case") involved the same underlying facts and allegations as the First Case.

On March 30, 2012, John Doe filed a Motion to Dismiss the Second Case as duplicative. [D.E. 6]. On April 2, 2012, Plaintiff voluntarily dismissed John Doe from the First Case pursuant to Rule 41(a)(1). [First Case, D.E. 48]. John Doe is now solely subject to the Second Case, the instant action.

On March 29, 2012, Plaintiff filed a Motion in the Second Case

for Leave to Take Discovery Prior to the Rule 26(f) Conference, [D.E. 5], in order to obtain from Defendant's ISP information sufficient to identify Defendant. [D.E. 5]. Plaintiff does not know Defendant's name but only knows Defendant's IP address. [D.E. 5]. Plaintiff claims that the only way to determine Defendant's identity is to obtain this information from Defendant's ISP. [D.E. 5]. On April 4, 2012, the Court granted Plaintiff's Motion for Early Discovery. [D.E. 7]. Pursuant to that Order, Plaintiff served Rule 45 subpoenas on the ISP demanding information sufficient to identify Defendant. [D.E. 9, ¶ 2].

On May 25, 2012, pursuant to Rule 26 and Rule 45, Defendant filed a Motion for a Protective Order and/or to Quash Subpoena and Request for Evidentiary Hearing, [D.E. 9], in order to prevent the ISP from disclosing Defendant's identity.

### III. LAW & DISCUSSION

#### A. Standard of Review

The Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011); see also Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985). A court must modify or quash a subpoena that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court may modify or quash a subpoena

3

that, *inter alia*, requires disclosing confidential information. Fed. R. Civ. P. 45(c)(3)(B).

Furthermore, Rule 26 provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending... The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... forbidding the disclosure or discovery.

Fed. R. Civ. P. 26(c)(1). The court also must:

> limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that... the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

**B. Defendant's Motion to Quash**

Courts rely on the five factor Sony Music test when evaluating a defendant's motion to quash Rule 45 subpoenas seeking personally identifying information from ISPs in cases involving content downloaded from the Internet via "peer-to-peer" technology. Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp 2d 556 (S.D.N.Y. 2004)("Sony Music"); In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765 (E.D.N.Y.); Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067 (E.D.Pa.); Sony BMG Music Entertainment v. Doe, 2009 WL 5252606 (E.D.N.C.); Warner Bros. Records, Inc. v. Doe, 2008 WL 5111884 (E.D.N.C.); Elektra

Entertainment Group, Inc. v. Doe, 2008 WL 5111885 (E.D.N.C.); London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D.Mass. 2008). The test requires a court to weigh

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm
> (2) the specificity of the discovery request
> (3) the absence of alternative means to obtain the subpoenaed information
> (4) the need for the subpoenaed information to advance the claim; and
> (5) the objecting party's expectation of privacy

**1. Concreteness of Plaintiff's Showing of a Prima Facie Claim of Actionable Harm**

Plaintiff has set forth a prima facie claim of actionable harm by alleging ownership of a registered, copyrighted work that has been infringed. [D.E. 1]. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *8 (E.D.N.Y)(alleging ownership of copyrighted, registered works and alleging infringement of those rights is sufficient to meet this factor).

**2. Specificity of the Discovery Request**

Plaintiff's discovery request must be sufficiently specific to establish a reasonable likelihood that the discovery would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court. Sony Music, 326 F.Supp at 566. While the discovery propounded by Plaintiff is specific, it does not establish a reasonable likelihood it will lead to the identity of a defendant who could be

sued because, to put it plainly, the subscriber of a particular IP address is quite often not the person who illegally downloaded the pornographic film. The primary cause of this problem is the prevalence of wireless technology. See <u>Pacific Century Int'l Ltd. V. Does</u>, 2011 WL 5117424, at *2 (N.D.Cal.)("Plaintiff must go beyond the 'limited discovery' that it earlier asserted would lead to Defendants' identities... presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, house-guest or other sharing his internet access, would be fair game. Beyond such an inspection, the plaintiff might require still more discovery, including interrogatories, document requests and even depositions") citations omitted; alterations in original; <u>see also</u> <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, at *1 (N.D.N.Y)(evidence of the likelihood that the end user of a particular IP address was a particular individual, rather than a wireless network, is sufficient to meet this factor); <u>see also</u> <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>, 2012 WL 1570765, at *8 (E.D.N.Y)(this factor is not clearly met when evidence shows broadband Internet service in a largely residential suburban area at a time when wireless technology is widely available). In sum, it is not clear in this case, as it was not clear in <u>In re BitTorrent Adult Film</u>, that Plaintiff has satisfied the specificity requirement.

### 3. Absence of Alternative Means to Obtain Subpoenaed Information

Because the transactions in question occurred online, Defendant has been elusive and the IP address and ISP are the only available identifying information. Without the requested discovery, there are no other measures Plaintiff can take to identify the personal information for the Doe defendant. See Raw Films, 2012 WL 684763, at *2 (S.D.Cal.); see also In re BitTorrent Adult Film, 2012 WL 1570765, at *8 (E.D.N.Y). Plaintiff retained a company that provides forensic investigation services including the identification of IP addresses using BitTorrent protocol. [D.E. 4-3]. This retained company has identified for Plaintiff the IP address used by the person who illegally downloaded Plaintiff's copyrighted material and argues that serving a subpoena on the Internet Service Provider associated with the named IP address is the only practical means available to discover the identity of the person who wrongfully downloaded the film. [D.E. 4]. Plaintiff has established to the satisfaction of the Court that there are not alternative means available to identify the alleged infringer. See Raw Films, 2012 WL 684763, at *2 (S.D.Cal.); see also In re BitTorrent Adult Film, 2012 WL 1570765, at *8 (E.D.N.Y). Therefore, granting Defendant's Motion to Quash the Subpoena would mean that Plaintiff has a right without a remedy.

**4. Need for Subpoenaed Information to Advance Claim**

Plaintiff seeks to obtain the name, address, telephone number, email address, and Media Access Control address associated with IP address 66.229.114.127. [D.E. 4]. Plaintiff clearly needs identification of the putative John Doe in order to serve process on him/her and prosecute the claim. However, not all the information sought is required to advance the claim. Plaintiff's request for the telephone number, email address, and Media Access Control address of the putative John Doe, information clearly not required to litigate this action, seems calculated to further Plaintiff's coercive settlement strategies rather than advancing their claim by allowing them to effect service. See In re BitTorrent Adult Film, 2012 WL 1570765, at *8 (E.D.N.Y)("The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.") quoting Raw Films, 2011 WL 6182025, at *2; see also K-Beech, Inc. V. Does 1-85, 2011 U.S. Dist. LEXIS 124581, at *6 (E.D.Va)("Some Defendants have indicated that the Plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation."); see also Digital Sins, Inc. V. John Does 1-245, 2012 WL 1744838, at *7("Subpoenas may not issue seeking telephone numbers or email addresses of the individuals who are assigned a particular IP address.").

Federal courts faced with these types of cases have noted that

8

the information requested in motions for early discovery are indicia of unfair litigation tactics. In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *9 (E.D.N.Y)("The most persuasive argument against permitting plaintiffs in pornography-related copyright infringement cases to proceed with early discovery arises from the clear indicia... that plaintiffs have employed abusive litigation tactics to extract settlements from John Doe defendants"). Therefore, although the Court recognizes Plaintiff's need for information sufficient to effect service and prosecute the claim, the Court fails to see Plaintiff's need for telephone numbers, email addresses, and Media Access Control addresses if Plaintiff's purpose is, in fact, to litigate the case.

**5. Objecting Party's Expectation of Privacy**

Defendant has little expectation of privacy in downloading and distributing copyrighted material without permission. See Sony Music, 326 F.Supp.2d at 566-67; see also In re BitTorrent Adult Film, 2012 WL 1570765, at *9 (E.D.N.Y). Here, however, it is uncertain-indeed it may be unlikely-that the subscriber sought to be identified downloaded Plaintiff's copyrighted film because of the frequency with which IP addresses are associated with wireless networks rather than a single computer. See Pacific Century, 2011 WL 5117424, at *2 (denying discovery of personally identifying information of the subscriber of a particular IP address in order to protect "innocent internet users"). Thus, this Court cannot

conclude with any reasonable certainty that Plaintiff has overcome the expectation of privacy by the putative Defendant.

**C. Setting Forth Rules for the Conduct of Further Litigation by this Plaintiff and Plaintiff's Law Firm in Connection with the Alleged Infringement of "Fuckabilly" by this John Doe Defendant**

Pursuant to Rule 45(c)(3)(B), and based on the foregoing <u>Sony Music</u> analysis, the Court modifies the subpoena authorized on April 4, 2012, [D.E. 7]. This subpoena modification appropriately addresses Plaintiff's concern regarding the lack of an alternate means to discover the infringer's identity by authorizing Plaintiff to immediately serve Rule 45 subpoenas to the ISP for information sufficient to effect service and prosecute the claim. The modification also addresses Defendant's concern regarding Plaintiff's use of Defendant's personal information to coercively extract settlement by prohibiting the ISP from releasing the telephone number, email address, or Media Access Control address of the subscriber and by ordering the ISP to submit the subpoenaed information to the Court ex parte and under seal rather than to Plaintiff directly.[2] The modification is as follows:

---

[2] The Eleventh Circuit has not yet had an opportunity to address the unique issues associated with the recent nationwide surge of claims brought by internet pornography companies against alleged copyright infringers. The protocol set forth in this section has been recently adopted by courts faced with motions for early discovery in cases factually identical to the instant case, see <u>In re BiTorrent Adult Film Copyright Infringement Cases</u>, 2012 WL 1570765, at *9 (E.D.N.Y); see also <u>Digital Sins, Inc. V. John Does 1-245</u>, 2012 WL 1744838, at *7 (S.D.N.Y)("any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Brown in <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>"), and is specifically tailored to the particular concerns of both the pornography companies and the alleged John Doe infringers. Therefore, this procedural mechanism seems appropriate here.

10

(1) The subpoena may not issue seeking the telephone numbers, email addresses, or Media Access Control addresses of the individuals assigned a particular IP address. Within seven (7) days of service of the subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not Plaintiff) with a copy of the subpoena and a copy of this order (which Plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify Plaintiff's counsel in writing, so that a record can be kept for review by the Court.

(2) An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, each potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

(3) Absent motions to quash, the ISP shall produce the information sought to the Court, not to Plaintiff, within 21 days after notifying Defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to Plaintiff's counsel by the Court. No such disclosure shall include any email addresses, telephone numbers, or Media Access Control addresses.

(4) Plaintiff may use the information disclosed, once it is received by Plaintiff's counsel, only for the purpose of litigating the instant case.

11

## IV. Conclusion

The Court denies Defendant's Motion to Quash primarily because Plaintiff has no alternate method to discover the subpoenaed information. The Court modifies the Rule 45 subpoena, however, tailoring the information requested to the Plaintiff's need to advance the claim, because of the Court's concern regarding the possibility of abusive litigation tactics. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Duplicative Suit, [D.E. 6], is **DENIED** as moot. It is further

**ORDERED AND ADJUDGED** that the Court's Order granting Plaintiff's Motion for Early Discovery, [D.E. 4], is modified consistent with the foregoing. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion for a Protective Order and/or to Quash and Request for Evidentiary Hearing, [D.E. 9], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2012.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record